## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| RICHARD E. CARROLL and | ) | |
| STEVEN PASTORCIK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:06-CV-51 PPS |
| | ) | |
| JAMES DOWLING and | ) | |
| SUSAN TODINO | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiffs Richard Carroll and Steven Pastorcik have filed a 54-page complaint which is virtually indecipherable. As best as we can tell, their beef has something to do with a worker's compensation matter that – in their view – somehow went awry. They have sued Susan Todino, the lawyer who represented the employer in the worker's compensation matter, as well as James Dowling who is a hearing officer on the Indiana Worker's Compensation Board.

The Defendants have moved to dismiss under Rule 12(b)(6), but dismissal on those grounds is not appropriate at this stage of the case. Indeed, the thrust of Todino's argument in her motion to dismiss is not that the complaint fails to state a claim for relief, but rather that the complaint is "nonsensical" – in other words, that it is hopelessly confusing. We agree.

Simply because, after considerable exertion, the Court is able to divine a sense of what the Plaintiffs are complaining of does not mean that their pleadings satisfy Federal Rule of Civil Procedure 8. Rather, the Court finds that Plaintiffs' Complaint violates Rule 8(a) and (e). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(e)(1) states that "[e]ach averment of a

pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). An overly verbose and confusing complaint makes it difficult for the defendant to file a responsive pleading and makes it difficult for the district court to conduct orderly litigation. *Vicom v. Harbridge Merchant Services*, 20 F.3d 771, 775-76 (7th Cir. 1994). "[C]ourts should not allow plaintiffs to 'plead[] by means of obfuscation.'" *Id.* (quoting *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)).

District Courts have the authority to dismiss cases without prejudice if the complaint is so confusing and difficult to understand that no reasonable person could respond to it. The idea is to give the plaintiff a chance to re-plead. This is especially the case when the offending party is proceeding *pro se*. If, however, the plaintiff demonstrates an inability to comply with Rule 8, the dismissal the second time around can be with prejudice. As the Seventh Circuit has recently stated:

> What is true is that the complaint is confusing. The district court would have been within its rights in dismissing it on that ground, *e.g.*, *Fidelity National Title Ins. Co. v. Intercounty National Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005); *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001); *In re Westinghouse Securities Litigation*, 90 F.3d 696, 703-04 (3d Cir. 1996); *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995), but with leave to replead. That is not what the court did; it dismissed with prejudice, which would have been proper on grounds of confusion only after the plaintiff had demonstrated her inability to file a lucid complaint, which she has not done.

*Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

In this case, the Plaintiffs' complaint is a confusing mishmash of disjointed allegations and random musings. This makes dismissing the complaint appropriate under Rule 8 on the grounds that it is overly confusing. Thus, the Complaint filed on February 10, 2006 is hereby dismissed and Plaintiffs are given thirty (30) days to file an amended complaint.[1] Plaintiffs are

---

[1] The Court acknowledges that Defendant Dowling, in particular, raises issues which may ultimately provide grounds for dismissal with prejudice. However, it is difficult to address

specifically warned that – consistent with Rule 8 – the amended complaint should be a short, plain statement of the nature of the claims with simple and concise allegations of what wrong has been brought upon them and by whom.  Magistrate Judge Rodovich's order of April 5, 2006 [Docket No. 28] prohibiting the Plaintiffs from filing any other documents with the Court remains in effect with the exception that the Plaintiffs are allowed to file an amended complaint as described above.

**SO ORDERED:**

ENTER: October 19, 2006

s/ Philip P. Simon

PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

Defendants' substantive arguments vis-a-vis Plaintiffs' virtually incomprehensible Complaint. Therefore, the Court is offering Plaintiffs an additional opportunity to comply with Rule 8. However, should Defendants wish to rely on their earlier briefs rather than spend additional resources re-briefing similar issues, the Court will permit Defendants to respond to an amended complaint by filing short motions to dismiss reinstating the briefs accompanying their initial motions to dismiss.