UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RICHARD E. CARROLL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:06-CV-51 PPS |
| | ) | |
| JAMES DOWLING | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On October 19, 2006, this Court dismissed Plaintiff Richard Carroll and Steven Pastorcik's complaint without prejudice on grounds that it was incomprehensible. More technically speaking, it failed the requirements of Federal Rules of Civil Procedure 8(a)(2) and 8(e)(1) that it contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and that its averments be "simple, concise, and direct." The Court gave Plaintiffs an additional chance to replead their claims in a decipherable manner. Plaintiff Richard Carroll[1] has attempted to do so, but unfortunately, without success. Plaintiff's claims must be dismissed with prejudice both for failure to comply with Rule 8 and for failure to state a claim upon which relief may be granted.

First, Plaintiff's complaint still fails the requirements of Rule 8. As the Court warned Plaintiff in dismissing the original complaint without prejudice, any amended complaint needed to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that all averments "shall be simple, concise, and direct," Fed. R. Civ.

---

[1] Steven Pastorcik was not named in the Amended Complaint, and the Clerk terminated him on the day the Amended Complaint was filed. Defendant Susan Todino was also terminated after Plaintiff dropped her name from the Amended Complaint.

P. 8(e)(1).

Although Plaintiff has trimmed 41 pages off of the initial complaint, the Amended Complaint is still incomprehensible.  Fundamentally, it is a rant against various aspects of Indiana worker's compensation law, not an outline of a basis for legal relief.  Plaintiff complains that the "State of Indiana does not have the legal right to take control of the United States and the Workers of the World."  (Compl. at 6 (emphasis omitted).)  Plaintiff states that it is "not only unconstitutional but bizarre that 7 Hearing Members from political parties appointed by a governor have all power of God himself over every person/worker in the world."  (*Id.*)  Although the complaint is long on rhetoric, it is short on factual averments.  The Court is still in the same position it was in after reading the initial complaint; all we know is that Plaintiffs' "beef has something to do with a worker's compensation matter that – in their view – somehow went awry."  (Order at 1.)  In particular, the Court cannot piece together any understanding of how Carroll was deprived of any rights since, unlike Pastorcik, he was apparently never before the Worker's Compensation Board.

Dismissal with prejudice on grounds of confusion is appropriate "only after the plaintiff [has] demonstrated [an] inability to file a lucid complaint . . . ."  *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006); *see also Easley v. Verizon Wireless*, 2004 WL 2005819, at *4 (N.D. Ill. Aug. 25, 2004) (dismissing second amended complaint with prejudice for failure to comply with Rules 8(a)(2) and 8(e)); *Kallembach v. Amcore Bank*, 2002 WL 31018360, at *2 (N.D. Ill. Sept. 10, 2002) (dismissing complaint with prejudice for failure to state a claim upon which relief can be granted, and for failure to satisfy the pleading requirements of Rule 8).  Additionally, pro se litigants' pleadings are generally to be held to a less stringent standard than those of litigants

2

who are represented by counsel.  *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996).  But at this point, Plaintiff has had fair warning that any amended complaint needed to comport with the requirements of Rule 8.  Plaintiff has now "demonstrated [an] inability to file a lucid complaint," *Loubser*, 440 F.3d at 443, and therefore, dismissal with prejudice is appropriate.

Moreover, the Amended Complaint was only signed by Richard Carroll, not Steven Pastorcik.  To the limited extent that the Court can understand the Amended Complaint, the only personal stake that either Carroll or Pastorcik had in this case was Pastorcik's alleged right to a jury trial in his worker's compensation case.  But in order to invoke federal jurisdiction, Carroll has to have standing to raise the claim.  *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (Article III of the Constitution allows federal courts to hear only a "case or controversy" between plaintiff and defendant; this requires that plaintiff have a personal stake in the outcome).  In order to meet this constitutional requirement, Carroll "'must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'"  *Plotkin v. Ryan*, 239 F.3d 882, 884 (7th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  This injury has to be "concrete and particularized," where "particularized" means that "the injury must affect the plaintiff in a personal and individual way."  *Lujan*, 504 U.S. at 560-61 n.1.  Carroll clearly has no personal stake in this matter other than his deep conviction that the Indiana Worker's Compensation system is flawed.  Unfortunately for Plaintiff, this does not give him standing to raise this matter on Pastorcik's behalf, and therefore, he fails to state a claim upon which relief can be granted.

Defendant also asserts that he is entitled to absolute quasi-judicial immunity from suit.  Immunity is an affirmative defense.  *Jacobs v. City of Chicago*, 215 F.3d 758, 774 (7th Cir.

2000) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). A plaintiff is not required to plead facts that anticipate and overcome a defense of immunity, so normally, a complaint should not be dismissed under Rule 12(b)(6) on immunity grounds. *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (7th Cir. 2001). However, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . . ." *United States Gypsum Co. v. Indiana Gas Co.*, Inc., 350 F.3d 623, 626 (7th Cir. 2003) (citation omitted). "Although . . . immunity is an affirmative defense . . . no principal forbids a court to notice that such a defense exists, is bound to be raised, and is certain to succeed when raised." *Buckley v. Fitzsimmons*, 20 F.3d 789, 793 (7th Cir. 1994).

Officers and agencies that perform quasi-judicial functions are entitled to absolute immunity from suit in order to protect their decision-making function from being impeded by fear of litigation or personal liability. *Butz v. Economou*, 438 U.S. 478, 512-14 (1978); *see also Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (holding that members of Indiana Civil Rights Commission performed duties comparable to those of a judicial officer, and therefore, were entitled to absolute immunity). This immunity has been specifically held to apply to hearing officers and administrators of state workers' compensation boards. *See, e.g., Menser v. State*, 2002 WL 1558213, at *1 (D. Neb. July 12, 2002) (judges of Workers' Compensation Court have absolute judicial immunity for their judicial acts committed within their jurisdiction); *Gyadu v. Workers' Comp. Comm'n*, 930 F. Supp. 738 (D. Conn. 1996) (state workers' compensation commissioner entitled to absolute immunity), *aff'd*, 129 F.3d 113 (2d Cir. 1997) *cert. denied*, 525 U.S. 814 (1998); *Messa v. Foley*, 1993 WL 106519, at *2 (E.D. Pa. Apr. 9, 1993) (worker's compensation judge entitled to absolute judicial immunity), *aff'd*, 17 F.3d 1430

(3d Cir. 1994), *cert. denied*, 512 U.S. 1238 (1994).

The Amended Complaint alleges that Dowling deprived Steven Pastorcik of certain rights through his conduct as a hearing member of the Indiana Worker's Compensation Board. (Compl. at 4.)  The Worker's Compensation Board is authorized under Indiana law to "hear, determine, and review all claims for compensation" under Indiana worker's compensation law, "subpoena witnesses," "administer oaths," "make conclusions of facts and rulings of law," and "certify questions of law to the court of appeals."  Ind. Code § 22-3-1-3(b).  Thus, although hearing members are not members of a court, they "perform duties functionally comparable to those of a judicial officer."  *Crenshaw*, 180 F.3d at 868.  Although the complaint is murky, it is apparent that Dowling's alleged violations of Pastorcik's rights occurred during the process of reviewing Pastorcik's worker's compensation claim.  Dowling was acting in a quasi-judicial capacity and he is therefore entitled to absolute immunity from suit.  Plaintiff cannot cure this defect by amending his complaint.

Even if Plaintiff had standing and Defendant were not immune to suit, the case would still be dismissed for failure to state a claim.  The only decipherable claim in the Amended Complaint is Carroll's assertion that Pastorcik had a right to counsel and a trial by jury in his worker's compensation proceeding.  But the Sixth Amendment right to counsel only applies "[i]n all criminal prosecutions."  Const. amend. VI.  And the Seventh Amendment does not apply to civil actions in state court or to state administrative proceedings.  *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 432 (1996) (Seventh Amendment "governs proceedings in federal court, but not in state court") (citing *Walker v. Sauvinet*, 92 U.S. 90, 92 (1876)). Pastorcik simply did not have a constitutional right to counsel or a jury in his worker's

5

compensation proceeding.

For the foregoing reasons, Plaintiff's Amended Complaint [Docket No. 32] is dismissed with prejudice.

**SO ORDERED:**

ENTERED: April 12, 2007

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT